WILLIAM A. LAMSON, APPELLEE, v. VILLAGE OF ELM CREEK ET AL., APPELLANTS.

FILED DECEMBER 18, 1907. No. 14,998.

Deed construed, and *held* to convey the land in dispute.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sinclair* and *J. M. Easterling,* for appellants.

*N. P. McDonald,* contra.

GOOD, C.

Appellee, Lamson, brought this action against the village of Elm Creek to quiet title to a tract of land lying in said village. Defendant answered and denied plaintiff's title. George Arendt intervened and claimed title in himself as devisee of Catherine Arendt, deceased. The district court found for plaintiff and entered a decree quieting his title. Defendant and intervener appeal. Lamson's title depends upon a deed executed by Catherine Arendt to one Potter, from whom, by mesne conveyances, Lamson claims title. The question is: Did the description in the deed from Mrs. Arendt to Potter cover the land in dispute?

27

In order to understand the situation, a statement of the facts, which are admitted, is necessary. Tyler street runs north and south through the village of Elm Creek. Block 1 of Arendt's Second addition lies west of Tyler street, but does not abut upon it. There is an alley running east and west through said block. East of the south half of said block 1, and between it and Tyler street, there is a strip of land 11 feet wide at the alley on the north, and 34 feet and 8 inches wide on the south. This is the strip of land in controversy. When Arendt's Second addition was platted, there was shown on the plat a street immediately east of block 1, which was designated as "Second street." It was never in fact used or traveled as it was platted, and was abandoned prior to the organization of Elm Creek into a village, and Tyler street, a little to the east of Second street, was opened. It was this change in the streets that left the strip that had formed a part of Second street, as platted, between said block 1 and Tyler street. The south half of block 1 had been subdivided into eight lots and one triangular tract. The eight lots were numbered from one to eight, commencing on the west, and were known as "Bond's subdivision," and the triangular tract formed the easternmost portion of the south half of said block. The triangular tract was 23 feet wide on the north, where it abutted on the alley, and narrowed to a point at the southeast corner of the block. This tract and the one in controversy lie adjacent to each other, and the two joined together form a tract 34 feet and 8 inches wide, extending from the south boundary of the block to the alley on the north.

The deed from Mrs. Arendt to Potter was made November 26, 1888. At that time Mrs. Arendt was the owner of the triangular tract in block 1 and the strip in dispute between it and Tyler street. Potter did not own any other real estate in the south half of the block. Prior to the date of the deed to Potter a sidewalk had been built adjacent to the south and east boundaries of the disputed strip. Lamson owned lot 8, and had a store thereon, and

after he acquired title to the land conveyed to Potter used a part of both the triangular strip and the strip in dispute for the storing of barbed wire and agricultural implements, and erected for rent on the north end of both strips a blacksmith's shop adjacent to the alley. The vilage moved its jail upon the disputed strip in 1897. It does not appear that it had permission from any one to do so, nor does it appear that any objection was made either by Mrs. Arendt or Lamson. Mrs. Arendt lived in Elm Creek until her demise in 1905. It does not appear that she asserted any claim of ownership to the disputed tract after her deed to Potter 17 years before her death. While Second street was abandoned and Tyler street opened as early as 1886, no formal action was taken by the village until 1897, when it passed an ordinance attempting to vacate Second street. It is not contended that this amounted to anything more than a formal ratification of what had actually taken place long previous.

This brings us to a consideration of the description in the deed from Mrs. Arendt to Potter. It is in the following language: "All that fraction of land lying east of lot eight (8) and south of the alley in Bond's subdivision in block one (1) of Arendt's Second addition to the town of Elm Creek, as platted and recorded in the clerk's office of Buffalo county, Nebraska, and extending east to the street now known as Tyler street." Appellants contend that this description does not cover the strip in controversy, and contend that the language used limits the land conveyed to that which is in block 1. They contend that the use of the word "fraction" at the beginning of the description shows an intention and purpose to convey only a fraction of the block, and therefore not to convey anything outside of the block. They also contend that the latter portion of the description, "and extending east to the street now known as Tyler street," shows an intention to convey the land to Second street, which was always commonly called Tyler street. While these arguments are plausible, we think that, under the circumstances, the lan-

guage will not bear the construction contended for by the appellants. It must be borne in mind that at the time of the conveyance to Potter Mrs. Arendt owned a tract of land 34 feet and 8 inches wide and 131 feet long. In the absence of strong reason for so doing, it does not seem probable that she would so divide this strip as to leave her remaining a wedge-shaped piece 11 feet wide at one end and 34 feet wide at the other. Nor can we conceive of any reason why Potter should desire to buy the triangular piece within block 1, which appellants contend he took by his deed. If appellants' contention is good, then Potter was buying a tract of land 23 feet wide on the alley, and narrowing to a point at the southeast corner of the block, without any outlet upon the street at all, and where he did not own any land adjacent to it in connection with which he could use such a strip. We think that a careful examination of the description shows that it was not the intention to limit the land described to that within the block, but that the language in the description, "in block one (1) of Arendt's Second addition to the town of Elm Creek, as platted and recorded in the clerk's office of Buffalo county, Nebraska," was used for the purpose of identifying the west and north boundaries of the tract conveyed. The west boundary was the east line of lot eight in said block. The north line was the alley in said block. Taking this view of the description, then the latter part of the description, "and extending east to the street now known as Tyler street," becomes plain and its purpose is apparent to convey the entire strip of land which is bounded on the west by the east line of lot eight, on the north by the alley in said block, and on the east by Tyler street. The fact that Mrs. Arendt resided in the village 17 years after her deed was executed to Potter and never asserted any claim of ownership to the disputed tract, in view of the fact that two buildings had been placed thereon and the tract was being used by Potter's grantees, would indicate very strongly that she did not claim any interest in the land, and that she understood that by her deed she had

conveyed the tract in dispute to Potter. It appears to us that no other construction could give any effect to the language in the latter portion of the description, to wit: "And extending east to the street now known as Tyler street." It seems clear and evident to us that this was the intention of the parties, and that the judgment of the district court is right.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.